GEORGE GREGORY, as Administrator, etc., of WILLIAM GREGORY, Deceased, Appellant, v. NEW YORK RAILWAYS CORPORATION, Respondent.—Action to recover for the wrongful death of plaintiff's intestate resulting from injuries sustained in an automobile accident. The jury rendered a verdict in plaintiff's favor for $5,000 damages, which the trial court set aside on the ground that plaintiff had not proved that the injuries received in the accident were a proximate cause of decedent's death, and dismissed the complaint. Order and judgment entered thereon reversed on the law and the facts, with costs, motions to dismiss the complaint denied, the verdict reinstated, and judgment directed to be entered thereon, with costs. In our opinion, there is ample proof in the record to support the finding of the jury that decedent's death was the result of the injuries sustained in the automobile accident by reason of the negligence of the defendant. Lazansky, P. J., Scudder, Tompkins, Davis and Johnston, JJ., concur.

DAVID W. GRIFFITH, Appellant, v. IRVING TRUST COMPANY and Another, Respondents.— In an action to recover the sum of $2,000 on deposit in an account marked " Special," order denying plaintiff's motion to strike out the answers of defendants Irving Trust Company and Manufacturers Trust Company and for summary judgment as against said defendants under rule 113 of the Rules of Civil Practice affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

ROSE HUPOLA, Respondent, v. JACOB KOGEL and Another, Appellants, and GEORGE I. MATTHEWS, Respondent.—Appeal by defendants Kogel from that part of the order of the Supreme Court, Special Term, Dutchess county, entered in Rockland county, July 3, 1935, which directs that upon plaintiff's examination of the codefendant Matthews before trial the deposition of the said Matthews may be read against each of the defendants on the trial. The appeal is dismissed, without costs, on the ground that the defendants, appellants, herein are not entitled to appeal from the order. The stay heretofore granted is continued for thirty days from the entry of the order herein to permit the defendants Kogel to move at Special Term to vacate the part of the order from which the appeal was taken, if so advised. Scudder, Tompkins, Davis and Johnston, JJ., concur; Lazansky, P. J., not voting.

In the Matter of the Application for Letters of Guardianship of the Person and Estate of ALFRED H. APPELL, a Minor. In the Matter of the Application for Letters of Guardianship of the Person and Estate of GEORGE C. APPELL, a Minor. JENNIE T. McKENNELL, Individually and as Executrix and Trustee. etc., of CARMELLA V. APPELL, Deceased, and Another, Respondents; MARY DEPAOLO, Appellant.— Decree of the Surrogate's Court of Westchester county, dated June 4, 1935, appointing guardians of the person of George C. Appell, an infant, and decree bearing the same date, appointing guardians of the person of Alfred H. Appell, an infant, unanimously affirmed, in so far as appealed from, with costs to respondents, payable out of the estate. No opinion. Present — Young, Hagarty, Carswell, Davis and Johnston, JJ.